## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

IN RE:

    Alnita Tillman

                            Debtor(s)

Case No.:   15-40372
Chapter:   13
Plan filed on 11/25/15
Confirmation Hearing: 01/28/16

Judge Janet S. Baer

---

### OBJECTION TO CONFIRMATION OF PLAN FILED ON 11/25/15

---

**NOW COMES** CIT BANK, N.A., (hereinafter "Movant"), by and through its attorneys, Codilis & Associates, P.C., and moves this Honorable Court for an Order denying confirmation of Debtor's plan filed on November 25, 2015 and in support thereof states as follows:

1.     This Court has jurisdiction pursuant to 28 U.S.C. §1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois, Eastern Division;

2.     On November 18, 2005, an individual named Willie Mae Briggs ("Borrower") signed a note and reverse mortgage ("Loan") in favor of Movant encumbering the property commonly known as 9548 S. Emerald Avenue, Chicago, Illinois ("Subject Property");

3.     On May 10, 2014, the Borrower died;

4.     On November 25, 2015, the Debtor filed this case, staying Movant's security interest automatically by operation of 11 U.S.C. §362 of the Bankruptcy Code;

5.     The Debtor may have an interest in the Subject Property because she is an heir of the Borrower;

6.     The Debtor occupies the Subject Property as her primary residence;

7.      Movant intends to file a proof of claim for the full balance due when this case was filed in the estimated amount of $122,086.27;

8.      Section E.3.1 of the Debtor's proposed Chapter 13 plan provides to bifurcate Movant's claim into a secured claim in the amount of $30,400.00, based on the alleged value of the Subject Property, payable with interest at 4.25%, with the balance of Movant's claim to be paid as a general unsecured claim;

9.      Sufficient grounds exist for denial of confirmation as Debtor's plan for the following reasons:

    a.      Upon the death of the Borrower, the Loan was accelerated pursuant to the terms of the note and mortgage, so the entire balance is immediately due and payable in a lump sum;

    b.      The Debtor did not sign the note or the mortgage so she is not in contractual privity with the Movant and therefore cannot provide for Movant's claim in her plan;

    c.      Even if the plan could provide for Movant's claim, the proposed treatment is impermissible because:

        i.      Movants claim is secured only by real property that is the Debtor's principal residence, so the proposed plan modifies the terms of a home mortgage in violation of 11 U.S.C. §1322(b)(2) and/or (b)(5);

        ii.      The last payment on the note and mortgage does not come due before the date on which the final payment under the proposed plan comes due, so §1322(c)(2) does not apply;

b)  Even if the plan could provide for Movant's claim, and the proposed treatment were permissible, Movant objects because:

    i.  No evidence of the $30,400.00 value proposed in Debtor's plan has been provided, and the attached appraisal indicates that the value of the Subject Property is $85,000.00;

    ii.  The 4.25% interest rate proposed in Debtor's plan is insufficient because Movant is entitled to interest at the prime rate of 3.50% plus a 1.00% to 3.00% risk adjustment pursuant to the Supreme Court's Till decision;

    iii.  The plan fails to provide that the Debtor will pay real estate taxes and hazard insurance premiums on or before their due date;

10.  That sufficient grounds exist for denial of confirmation as Debtor's plan:

a.  Impermissibly bifurcates Movant's claim;

b.  Fails to provide for the correct amount of Movant's secured claim;

c.  Fails to provide for an appropriate rate of interest;

d.  Fails to provide that the Debtor will pay real estate taxes and hazard insurance premiums on or before their due date;

11.  Movant has incurred attorney fees and/or costs in connection with this bankruptcy proceeding, including:

$500.00 for Objection to confirmation of the Chapter 13 plan including plan review and attending confirmation, if not separately billed;

**WHEREFORE,** CIT BANK, N.A. prays this Court deny confirmation of the plan and for such other and further relief as this Court may deem just and proper.


Dated this December 24, 2015


Respectfully Submitted,
Codilis & Associates, P.C.

By: __/s/ Peter C. Bastianen_____

Berton J. Maley ARDC#6209399
Rachael A. Stokas ARDC#6276349
Gloria C. Tsotsos ARDC#6274279
Jose G. Moreno ARDC#6229900
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C&A FILE (14-15-18752)**

NOTE: This law firm is a debt collector.