## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

IN RE:

    Alnita Tillman,

                              Debtor.

Case No.:  15-40372

Chapter:  13

Judge Janet S. Baer

---

### REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

---

**NOW COMES** CIT BANK, N.A. (hereinafter "Movant"), by and through its attorneys, Codilis & Associates, P.C., and in Reply to Debtor's Response to its Motion for Relief from the Automatic Stay respectfully states as follows:

### Relevant Facts and Procedural History

On November 18, 2005, the Debtor's mother, Willie Mae Briggs, signed a note and reverse mortgage secured by real property commonly known as 9548 S. Emerald Ave, Chicago, Illinois. (See Proof of Claim #3-1). Mrs. Briggs' husband, Ozell Briggs did not sign the note and only signed the mortgage to waive his homestead rights. (See note and mortgage attached to Proof of Claim #3-1). On May 10, 2014, Mrs. Briggs passed away. On information and belief, Mrs. Briggs husband Ozell Briggs has also passed away. The Debtor obtained an interest in the property by inheritance.

On November 25, 2015, the Debtor filed this case. Her Voluntary Petition indicates that she resides in the property. Movant has filed a proof of claim in the amount of $121,858.06. The plan proposes to cram down Movant's claim to $30,400.00 based on the alleged value of the property. Movant has filed an objection to confirmation and a motion for relief from stay.

Debtor has filed a response to the motion for relief from stay.  Movant now files this reply.

## Reverse Mortgages

The purpose of a reverse mortgage is to provide elderly people with income from the equity that they have in their home.  24 C.F.R. §206.1; 12 U.S.C. §1715z-20(a).  The income can be received in a lump sum payment, monthly installments, a line of credit, or some combination. 24 C.F.R. §§206.17, 206.19(a)-(d).  To qualify for a reverse mortgage, the borrower must (a) be at least 62 years old, (b) occupy the property as a principal residence, (c) either own the home outright or have a low mortgage balance that can be paid off at closing from the proceeds of the reverse mortgage, and (d) have the ability to pay property taxes and insurance.  24 C.F.R. §§206.33-39.  The mortgage balance becomes due and payable in full (accelerates) if (a) the borrower dies, (b) the property ceases to be the principal residence of the borrower for reasons other than death (b) the borrower fails to occupy the property for at least 12 consecutive months or (c) an obligation of the borrower under the mortgage is not performed (ie. taxes or insurance premiums are not paid).  24 CFR §206.27(c).  Upon acceleration, (a) the full balance owed on the mortgage must be paid in full, (b) the property must be sold for at least 95% of the appraised value, or (c) the mortgagee must be given a deed in lieu of foreclosure.  24 C.F.R. §206.125(a)(2).  If the reason for acceleration is cured, the mortgage can be decelerated.  24 C.F.R. §206.125(a)(3).

Debtor refers to the HUD regulations as though they all apply to her.  However, the regulations expressly define "mortgagor" as the original borrower (Willie Mae Briggs), and expressly *excludes* successors or assigns of a borrower (the Debtor).  24 CFR §206.3.  If the Debtor represents the borrower's estate or is the borrower's representative, then the Debtor would be considered the "mortgagor" for purposes of a sale of the property under §206.123, but

it is unknown whether the Debtor represents the borrower's estate.  Regardless, the plan does not call for a sale of the property, so the Debtor has no standing to invoke any HUD regulations.

### Summary of Movant's Position

Debtor's plan proposes to cram down Movant's claim.  That is impermissible for the following reasons.  First, the Debtor is not in contractual privity with Movant, and would not have qualified to obtain the subject loan, so she cannot provide for Movant's claim in her plan at all.  Second, Movant's claim is protected by the anti-modification provisions of §1322(b)(2) and/or (b)(5).  Third, the loan has been accelerated, but has not matured, so §1322(c)(2) does not apply.  Debtor will not be able to propose a confirmable plan, so Movant is entitled to stay relief for a lack of adequate protection.

### The Subject Mortgage Cannot be Treated by the Debtor in Chapter 13

In this case, there is no privity of contract between Movant and the Debtor because the Debtor did not sign the note or the mortgage.  Debtor cites to *Johnson v. Home State Bank,* 501 U.S. 78 (1991), for the proposition that she can provide for a claim even in the absence of privity because Movant retains an *in rem* claim against the property.  However, even after *Johnson,* courts have held that the *rights* of a mortgage lender secured only by real property that is the debtor's principal residence may not be modified.

For example, in *In re: Threats*, 159 B.R. 241 (Bankr. N.D. Ill. 1993), the debtor obtained an interest in the property via a quit claim deed executed by the borrower.  The debtor did not sign the note or the mortgage, but proposed a plan to cure the arrears.  Former Judge Katz ruled that the plan could not be confirmed because it would impermissibly modify the due on sale clause in violation of §1322(b)(2), and therefore cause existed to modify the stay pursuant to §362(d)(1) for a lack of adequate protection.  Judge Katz reasoned that a creditor's "rights in the

property arise and are defined in the mortgage instruments, yet there is no mortgagee-mortgagor relationship to restore.  There can therefore be no cure."  *Threats*, 159 B.R. at 243.  He also pointed out that "[t]he Bankruptcy Code allows debtors to regain certain previously held interests in property – it does not allow them to create new ones."  *Id.*  Judge Katz's position is in accord with many other bankruptcy court decisions on the issue.  *See In re: Kizelnik*, 190 B.R. 171 (Bankr. S.D.N.Y. 1995); *In re Parks*, 227 B.R. 20 (Bankr. W.D.N.Y. 1998).  *See also* Arthur J. Margulies, *The Cure and Reinstatement of Mortgages by Third Party Assignees*, 24 Cardozo l. Rev. 449 (2002-2003) (arguing that a narrow reading of *Johnson* is appropriate in order to protect the fundamental notions of privity inherent in Chapter 13).

In addition, former Judge Squires opined on the issue in *In re: Tewell*, 355 B.R. 674 (Bankr. N.D. Ill. 2006).  In that case, like here, the debtor was not in privity of contract with the creditor.  In *Tewell*, like *Threats,* the debtor obtained an interest in estate property via the execution of a quit claim deed from the mortgagor to the debtor.  That quit claim deed violated the due on sale clause contained in the mortgage.  The Debtor filed a Chapter 13 plan proposing to cure the arrears over the life of the plan and the mortgagee objected, invoking the due on sale clause of the mortgage.  This court concluded that, "not enforcing the due-on-sale clause when invoked by the holder would impermissibly modify the Creditor's rights in violation of §1322(b)(2)."  355 B.R. 674, 682 (Bankr. N.D.Ill. 2006).

In this case, paragraph 7 of the note and paragraph 9(a)(i) of the mortgage provide that the loan accelerates upon death of the borrower if the property does not remain the principal residence of at least one surviving borrower.  There are no other borrowers on the subject mortgage.  Page #1 of the mortgage itself names only Willie Mae Briggs as the "mortgagor" and "borrower."  The borrower's former husband Ozell Briggs did not sign the note and only signed

the mortgage to waive his homestead rights.  An individual who is not liable on the note is not a

"borrower."  An individual who only signs the mortgage to waive homestead rights is not a

"mortgagor."  *In re: Wirth*, 355 B.R. 60, 62-64 (N.D. Ill. 2005).  Accordingly, the loan

accelerated when Willie Mae Briggs passed away on May 10, 2014.

Movant expressly has not and does not waive its rights under the mortgage.  The loan

accelerated upon the borrower's death over a year ago so Movant's rights to (a) immediate

payment in full (b) payment of 95% of the appraised value in a lump sum or (c) a deed in lieu of

foreclosure, may not be modified by the Debtor's plan.   As former Judge Squires held, a due on

sale clause is a "fundamental aspect of a mortgagee's rights . . ." *In re: Tewell*, 355 B.R. at 119

(Bankr. N. D. Ill. 2006).  The acceleration clause contained at paragraph 7 of the note and

paragraph 9(a)(i) of the mortgage in this case is also a fundamental aspect of this Movant's

rights.  Debtor's plan cannot modify these rights.

In addition to the foregoing, the proposed plan should not be confirmed because it would

result in a loss by Movant of the rights for which it bargained.  The Debtor could not have

qualified for the subject mortgage because in order to qualify for a reverse mortgage the

borrower must be at least sixty-two (62) years of age or older.  The Debtor should not be allowed

to make payments on a loan for which she could not have qualified.  Upon the death of the

borrower, Movant expected to be paid the full balance, or 95% of the appraised value, or receive

a deed in lieu.  Debtor's proposed plan would both violate the express terms of the mortgage and

result in Movant losing the rights for which it bargained.

### Modification of Long Term Home Mortgages is Prohibited by §1322(b)(2) and (b)(5)

Section 1322(b)(2) and (5) provide that the rights of a mortgagee who holds a mortgage

"secured only by property that is the debtor's principal residence" may not be modified, except

to cure a pre-petition arrearage within a reasonable time while maintaining post-petition payments. *Nobleman v. Am. Sav. Bank*, 508 U.S. 324, 113 S. Ct. 2106, 124 L.Ed.2d 228 (1993). In this case, the debtor resides in the property so the mortgage is subject to the anti-modification protections of §1322(b)(2) and (5).  The pre-petition arrearage is the total balance due and there are no post-petition payments.  The plan does not provide to pay the total balance due within a reasonable time.  Accordingly, the plan violates §1322(b)(2) and (5), and stay relief must be granted for a lack of adequate protection.

### Acceleration Does not Equal Maturity so §1322(c)(2) Does Not Apply

Debtor's Response argues that the plan can provide for and modify Movant's home mortgage under §1322(c)(2).  Section 1322(c)(2) allows a debtor to modify the terms of repayment of a mortgage, even one secured only by property that is the debtor's principal residence, when the last payment "*on the original payment schedule*" comes due prior to the last payment due under the plan.  According to the Debtor, that is the situation here.  The Debtor argues that because the full balance came due when the loan was accelerated upon the borrower's death, that full balance constitutes the last payment due on the loan irrespective of the original maturity date.  However, the Debtor conflates "acceleration" with "maturity."  A loan *accelerates* upon the occurrence of an event of default as stated in the note and mortgage. *Costello v. Grundon*, 651 F.3d 614, 620 (7th Cir. 2011).  A loan *matures* when the last payment on the loan comes due pursuant to the original payment schedule. *In re: Hinds-Santiago*, 2015 Bankr. LEXIS 151 (Bankr. S.D. Fla. 2015).  In this case, the maturity date is unambiguously stated on the face of the note and mortgage as November 19, 2079.  The mortgage has not matured.

Debtor's Response cites to several bankruptcy level cases involving reverse mortgages which also conflate acceleration with maturity.   Movant submits that these cases offer no persuasive analysis for the conclusion that once a loan accelerates, the maturity date is moved or changed to the acceleration date.   Furthermore, Movant submits that a majority of chapter 13 cases are filed primarily to treat defaulted home mortgages that have been accelerated and are in foreclosure.   Under the Debtor's view, all of the mortgages in all of these cases would be subject to modification under §1322(c)(2).   The better view is that §1322(c)(2) does not apply to home mortgages that have been accelerated due to a default when the *original* maturity date falls beyond the life of the plan.   *In re: Rowe*, 239 B.R. 44 (Bankr. N.J. 1999) (collecting cases).

This Court should follow *In re: Anderson*, 458 B.R. 494 (Bankr. E.D. WI 2011).   In that case, the debtors sought to cram down a mortgage on their residence that had been accelerated due to a default in payments.   *Id*. at 497.   Like here, the debtors argued that §1322(c)(2) applied because the maturity date was moved to the date of acceleration.   *Id*. at 502.   The Court refused to confirm the plan because it violated the mortgagee's anti-modification rights in violation of §1322(b)(2), stating:

> The debtors in this case argue that their proposed modification is allowed under [Section 1322(c)(2)]. Section 1322(c)(2) provides for de-acceleration and cure of the matured secured claim, but the modification is in the timing of payment, i.e., it may extend over the term of the plan, with the same protections provided the secured creditor by section 1325(a)(5). It does not change the rights of the holder of the claim. Furthermore, this section only applies when the last payment on the *original* payment schedule is due before the plan completes. The last payment on the original debt in this case would have been April 1, 2037. The mortgage was accelerated by default and the foreclosure judgment creates a new due date, *but it does not change the original date. See, e.g., In re Rowe*, 239 B.R. 44 (Bankr. D. N.J. 1999).  Section 1322(c)(2) does not apply in this case.

> *Id*., at 502-503 (emphasis supplied).

Additional support for the proposition that acceleration and maturity are not the same thing can be found in the terms of the mortgage itself. Paragraph 9 of the mortgage provides for acceleration if the borrower dies, the property is sold, the borrower moves out for at least 12 months, or an obligation of the borrower under the mortgage (ie. paying taxes and insurance premiums) is not performed. Paragraph 11 of the mortgage provides that the loan may be reinstated if the grounds for acceleration are cured. If the Debtor's position that the maturity date moves to the date of acceleration is correct, then Paragraph 11 allowing for reinstatement following acceleration would be meaningless as the loan would remain fully due because it will have "matured." For example, if a borrower on a reverse mortgage failed to pay taxes, the mortgagee paid the taxes and accelerated the loan, and the borrower then reimbursed the mortgagee for the taxes, then under the Debtor's theory, notwithstanding the reinstatement of the loan, it would remain fully due and payable under because the maturity date was moved to the date of acceleration.

The original maturity date listed on the face of the note and mortgage is the relevant date for purposes of application of §1322(c)(2). If the original maturity date falls after the date on which the last payment is due under the plan, then §1322(c)(2) does not apply. In this case, the original maturity date listed on the face of the note and mortgage is November 19, 2079. Therefore, §1322(c)(2) does not apply

Finally, if this Court were to find that the Debtor could provide for Movant's claim, the claim would have to be paid in full because, both under 1322(b)(2) and (5) and under non-bankruptcy law, payment in full would be required to clear title in any scenario except a sale of the property for 95% of the appraised value or a deed in lieu of foreclosure.

## <u>Conclusion</u>

In this case, there is no privity of contract between the Debtor and Movant.  The subject mortgage was intended for the deceased borrower, not the borrower's heirs.  Acceleration of a reverse mortgage due to the death of the borrower does not change the original maturity date to the date of acceleration.  Movant's claim is protected from modification by §1322(b)(2).  Section 1322(c)(2) does not apply because the original maturity date on the note and mortgage falls beyond the life of the proposed plan.  Debtor has no right to treat Movant's claim in her plan, and even if she did, the plan would have to provide that Movant's claim be paid in full.  For all these reasons, the Debtor's plan cannot be confirmed, so Movant is not adequately protected, and stay relief must be granted.

**WHEREFORE,** CIT BANK, N.A. prays this Court enter an Order pursuant to 11 U.S.C. Section 362(d) modifying the automatic stay as to Movant and for such other and further relief as this Court may deem just and proper.

Dated this March 10, 2016.

Respectfully Submitted,
Codilis & Associates, P.C.

By: /s/ Peter C. Bastianen

Berton J. Maley ARDC#6209399
Rachael A. Stokas ARDC#6276349
Gloria C. Tsotsos ARDC#6274279
Jose G. Moreno ARDC#6229900
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C&A FILE (14-15-18752)**

NOTE: This law firm is a debt collector.